Tommy J. Hayes v. State

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-04-215-CR

2-04-216-CR

2-04-217-CR

TOMMY J. HAYES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Tommy J. Hayes appeals the trial court’s denials of his requests for DNA testing.  Appellant pleaded guilty to attempted aggravated sexual assault with a deadly weapon and to two offenses of aggravated sexual assault of a person over sixty-five years of age.  The trial court sentenced Appellant to fifteen years’ confinement on the attempted aggravated sexual assault conviction and forty-five years’ confinement for each aggravated sexual assault conviction, with all sentences to be served concurrently.  Appellant then filed motions requesting post-conviction DNA testing in each case on October 29, 2001, alleging that his court-appointed trial attorney took advantage of him by saying that he would get the maximum sentence if he did not plead guilty and that the attorney did not consider challenging the biological evidence in these cases.

In denying DNA testing for the attempted sexual assault case, the trial court found that Appellant confessed that he used a box cutter while attempting to sexually assault the victim.  Furthermore, in denying DNA testing for the two sexual assault cases, the trial court found that Appellant confessed in each case that he sexually assaulted the victim.  Indeed, the records contain signed written confessions in which Appellant admitted committing the crimes.  Based on these facts, the trial court held that identity was not an issue in Appellant’s cases and denied the motions for DNA testing.

The version of article 64.03(a) of the Code of Criminal Procedure in effect at the time Appellant filed his motions for DNA testing set forth requirements that must be satisfied before a convicting court can order forensic DNA testing. 
See 
Act of April 5, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 64.03(a) (Vernon Supp. 2004-05)).  Included in these requirements is a finding that identity was or is an issue in the case.  
Id
.  If the defendant pleaded guilty, the court is prohibited from finding that identity was not an issue in the case solely on the basis of the guilty plea.  
Tex. Code Crim. Proc. Ann.
 
art. 64.03(b).  On appeal, Appellant complains that the trial court improperly considered his guilt in denying his request for DNA testing.

Although the Texas Court of Criminal Appeals has held that identity is not at issue when a defendant confesses to the crime, 
see
 
Bell v. State
, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002), Appellant contends that 
Bell
 is incorrect because its holding expressly contradicts article 64.03(b)’s prohibition against finding that identity is not an issue solely on the basis of a guilty plea.  But 
Bell
’s holding was based on the defendant’s 
confession
, not his guilty plea.  
See id. 
("Appellant confessed to the murder.  His identity was not at issue.").  A confession is not the same as a guilty plea; a defendant could confess to committing a crime but still plead not guilty to the charges.  
See, e.g.
, 
Fierro v. State
, 706 S.W.2d 310, 312-13 (Tex. Crim. App. 1986).  Therefore, 
Bell 
does not run afoul of the statute’s prohibition against basing a finding on the identity issue 
solely 
on the defendant’s guilty plea.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 64.03
(b). 
 Accordingly, because Appellant confessed to both sexual assaults and the attempted sexual assault and furthermore admitted to being with the victims at the time of the crimes,
(footnote: 2) identity was not an issue in this case.  The trial court’s findings of fact make clear that the trial court based its denial on Appellant’s confessions, not on his guilty pleas. 

Applying the appropriate standard of review,
(footnote: 3) we hold that the trial court did not err in denying the requests for DNA testing.  
See Bell
, 90 S.W.3d at 308; 
Morris
, 110 S.W.3d at 103.  
We overrule Appellant’s sole point and affirm the trial court’s judgment. 

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON
, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 9, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See Morris v. State
, 110 S.W.3d 100, 103 (Tex. App.—Eastland 2003, pet. ref’d) (holding that identity is not an issue when a defendant has admitted that he was with the victim at the time of the assault).

3:
See Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).